UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONNIE GENE VERNON, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:19-1681 |
| v. | : | (JUDGE MANNION) |
| CATRICIA HOWARD, Warden, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner, Lonnie Gene Vernon ("Petitioner"), an inmate confined in the Allenwood Medium Federal Correctional Institution, White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges his conviction and sentence imposed in the United States District Court for the District of Alaska, for conspiracy to murder federal officials. (Doc. 1). Following an order to show cause, (Doc. 4) Respondent filed a response on November 25, 2019. (Doc. 6). A traverse was filed on December 26, 2019. (Doc. 7). Accordingly, the petition is ripe for disposition. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

**I. Background**

On August 27, 2012, Vernon pled guilty to conspiracy to murder federal officials, in violation of 18 U.S.C. §1117. See United States v. Vernon, et al., No. 3:11-CR-00028 (D. Ak.), (Docs. 117-119, 122).

On January 7, 2013, the District Court for the District of Alaska sentenced Vernon to 310 months of imprisonment with five years' supervised release. Id. at 163-164. On January 14, 2013, Vernon filed an appeal of his conviction, claiming his plea was involuntarily rendered. Id. at 169. On August 15, 2016, the United States Court of Appeals for the Ninth Circuit dismissed Vernon's appeal. Id. at Doc. 202. No further challenge to his conviction or sentence were filed. Id.

On August 22, 2019, Vernon filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, in the United States District Court for the District of Columbia. (Doc. 3). By Order dated September 30, 2019, the case was transferred to the United States District Court for the Middle District of Pennsylvania. Id. Though Vernon asserts that he is not challenging either his conviction or sentence, the petition challenges his incarceration because, according to Vernon, (1) the United States President had not issued a "written presidential delegation order" granting presidential executive power to the US Attorney General, DOJ, etc. to initiate the criminal

- 2 -

action against him (Doc. 1 at 32-47); (2) the Government failed to prove beyond a reasonable doubt, criminal authority/jurisdiction to apply and enforce all federal laws subjecting him to investigation, indictment, etc. (id. at 48-65); (3) the Government failed to prove beyond a reasonable doubt criminal authority/jurisdiction to subject him to detention (id. at 66-82); (4) the district judge had no authority to rely on case law to replace the Constitution, acts of Congress, and federal regulations as "controlling law" of the criminal action against him (id. at 82-108); and (5) the Government failed to overcome the presumption of his innocence (id. at 109-116).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. §2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Petitioner files the instant §2241 petition seeking to challenge the legality of his conviction and sentence. A petitioner may only resort to a §2241 petition in the unusual situation where the remedy by motion under §2255 would be inadequate or ineffective. See 28 U.S.C. §2255; Dorsainvil, 119 F.3d at 251-52.

Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on §2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.

"Our Circuit permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a 'claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. U.S. v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be 'otherwise barred from challenging the legality of the conviction under §2255.' Id. Stated differently, the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.' Dorsainvil, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct

appeal and initial §2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Additionally, sentencing enhancement challenges are insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538–39. Section 2241 is not available for intervening changes in the law of sentencing. Okereke, 307 F.3d at 120. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) (holding that an Alleyne[1] claim cannot be raised in a §2241 petition); Upshaw v. Warden Lewisburg USP, 634 Fed. App'x. 357 (3d Cir. 2016) (finding claims of sentencing error asserted under Alleyne, 133 S.Ct. 2151, and Burrage v. United States, 134 S.Ct. 881 (2014), could not be raised via §2241 even though these claims were previously foreclosed by circuit precedent).

---

[1] Alleyne v. United States, 133 S.Ct. 2151 (2013). "In Alleyne, 133 S.Ct. 2151, the Supreme Court mirrored its opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), and held that '[a]ny fact that, by law, increases the [mandatory minimum] penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.' Alleyne, 133 S.Ct. at 2155 (citation omitted)." Gardner, 845 F.3d at 101.

Petitioner has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review. And his claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. As such, Vernon has failed to meet his burden of demonstrating that §2255 is inadequate or ineffective to challenge the legality of his detention. Consequently, the instant petition will be dismissed for lack of jurisdiction.

### III. Conclusion

For the foregoing reasons, Vernon's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 18, 2020**
19-1682-01